IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:14-CV-312-WKW |
| JOE-RYAN ENTERPRISES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

This is a declaratory judgment action brought by National Casualty Company against its insured, Joe-Ryan Enterprises, Inc., and Danny Cail, the husband and administrator of the Estate of Teresa Cail, deceased. Teresa Cail was killed while driving a truck for Joe-Ryan. Mr. Cail is suing Joe-Ryan and Bridgestone Americas for Teresa's wrongful death in a separate action. In this suit, National Casualty is requesting a declaration that it has no duty to defend or indemnify Joe-Ryan.

Mr. Cail has moved to be dismissed as a defendant to this suit because "there is no justiciable controversy" between himself and National Casualty. (Doc. # 7.) Mr. Cail claims that he "has made no claim to any insurance proceeds that may be available under the policy" identified in National Casualty's Complaint, and that

Joe-Ryan is actually being defended in the wrongful death suit "under a separate policy of insurance unrelated to National Casualty Company." (Doc. # 7, at ¶¶ 3, 4.)  To the contrary, National Casualty represents in its brief that "[t]he [u]nderlying lawsuit has been presented to Joe-Ryan's insurer, [National Casualty]." (Doc. # 9, at 6.)

National Casualty further opposes the motion by arguing that Mr. Cail has been joined as a necessary and indispensable party to this litigation. (Doc. # 9, at 2.)  National Casualty cites, among other authorities, *American Safety Casualty Insurance Company v. Condor Associates, Ltd.*, 129 F. App'x 540, 542 (11th Cir. 2005), a per curiam opinion in which the Eleventh Circuit affirmed a district court's dismissal of an insurer's declaratory judgment action because it failed to join two tort claimants who had sued the insured.  The court agreed that the tort claimants were indispensable parties pursuant to Rule 19.[1]

---

[1] Rule 19 requires that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

National Casualty asserts that Mr. Cail is a proper defendant because he has sued National Casualty's insured, Joe-Ryan. Mr. Cail has not replied to National Casualty's argument. In view National Casualty's representation that it has been presented with the wrongful death case in which Mr. Cail is the plaintiff, and upon consideration of the relevant law, the court finds that Mr. Cail's motion to dismiss is due to be denied.

Accordingly, it is ORDERED that Mr. Cail's motion to dismiss (Doc. # 7) is DENIED.

DONE this 4th day of August, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Eleventh Circuit, citing *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir.1974), reasoned that the tort claimants' interests would be prejudiced if the declaratory judgment suit proceeded without them as defendants. *Am. Safety Cas. Ins. Co.*, 129 F. App'x 540, 542 (11th Cir. 2005). The reasoning is supported by the language of Rule 19(a)(1)(B)(i).